BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
Albert Y. Chang (SBN 296065)
achang@bottinilaw.com
Yury A. Kolesnikov (SBN 271173)
ykolesnikov@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:    (858) 914-2002

*Attorneys for Derivative Plaintiff Mike Jones*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE JONES, derivatively on behalf of MEDBOX, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GUY MARSALA, J. MITCHELL LOWE, NED SIEGEL, JENNIFER S. LOVE, C. DOUGLAS MITCHELL, PEJMAN VINCENT MEHDIZADEH, MATTHEW FEINSTEIN, BRUCE BEDRICK, and THOMAS IWANSKI,<br><br>Defendants,<br><br>- and -<br><br>MEDBOX, INC., a Nevada corporation,<br><br>Nominal Defendant. | Case No. 15-cv-4170 BRO (JEMx) (Consolidated with Case No. 15-cv-0426 BRO (JEMx))<br><br>**Plaintiff Mike Jones's Memorandum of Points and Authorities in Opposition to Richard Merritts's Motion to Intervene**<br><br>Date:          April 25, 2016<br>Time:         1:30 p.m.<br>Courtroom: 14<br>Judge:        Hon. Beverly Reid O'Connell |

**Table of Contents**

I.  INTRODUCTION ................................................................................................ 1

II. FACTS................................................................................................................. 4

III. ARGUMENT....................................................................................................... 6

  A.  Merritts's motion should be denied because he has failed to comply with Local Rule 7-3's meet-and-confer requirement.................................. 6

  B.  Merritts's motion should be denied because he fails to meet Rule 24's requirements ............................................................................................... 7

    (1) Merritts's motion is untimely............................................................... 7

    (2) Merritts's purported interests are identical to Plaintiffs' interests and thus preclude intervention ........................................... 9

    (3) In any event, a denial of intervention will not impede or impair Merritts's purported interests ................................................. 11

IV. CONCLUSION................................................................................................. 12

i

# Table of Authorities

**Cases**

*Alaniz v. Tillie Lewis Foods*,
    572 F.2d 657 (9th Cir. 1978) ............................................................................. 9

*Arakaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003) ...................................................................... 3, 9

*Bloomington v. Westinghouse Elec. Corp.*,
    824 F.2d 531 (7th Cir. 1987) ............................................................................ 11

*Dickens v. Am. Int'l Grp. Inc.*,
    No. CV 13-2181 BRO (DTBx),
    2014 U.S. Dist. LEXIS 22216 (C.D. Cal. Feb. 20, 2014) ............................. 6

*Garcia v. Aurora Commercial Corp.*,
    No. CV 13-7402 BRO (RZx),
    2013 U.S. Dist. LEXIS 159264 (C.D. Cal. Nov. 6, 2013) ............................. 6

*Ghazali v. Moran*,
    46 F.3d 52 (9th Cir. 1995) ................................................................................. 6

*In re Am. Int'l Grp., Inc. Derivative Litig.*,
    No. 07 Civ. 10464,
    2009 U.S. Dist. LEXIS 119999 (S.D.N.Y. Dec. 23, 2009) ......................... 10

*In re Ambac Fin. Grp., Inc., Derivative Litig.*,
    257 F.R.D. 390 (S.D.N.Y. 2009) ..................................................................... 11

*In re Gen. Tire & Rubber Co. Sec. Litig.*,
    726 F.2d 1075 (6th Cir. 1984) ........................................................................... 9

*In re Novatel Wireless Sec. Litig.*,
    No. 08cv1689,
    2014 U.S. Dist. LEXIS 85994 (S.D. Cal. June 23, 2014) ............................ 10

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ...................................................................... 7, 8

*Martin v. Kalvar Corp.*,
    411 F.2d 552 (5th Cir. 1969) ............................................................................. 9

*NECA-IBEW Pension Fund v. DHB Indus. (In re DHB Indus.)*,
    Nos. 05-CV-4296, 05-CV-4345,
    2007 U.S. Dist. LEXIS 73874 (E.D.N.Y. Sept. 30, 2007) ........................... 12

*Orange Cnty. v. Air Cal.*,
    799 F.2d 535 (9th Cir. 1986) ........................................................................ 8, 9

*Petrol Stops Nw. v. Cont'l Oil Co.*,
    647 F.2d 1005 (9th Cir. 1981) ........................................................................... 7

*Ragsdale v. Turnock,*
    941 F.2d 501 (7th Cir. 1991) ............................................................................... 8

*Sec. & Exch. Comm'n v. Charles Plohn & Co.,*
    448 F.2d 546 (2d Cir. 1971) ............................................................................. 11

*Singer v. Live Nation Worldwide Inc.,*
    No. 11-0427,
    2012 U.S. Dist. LEXIS 5196 (C.D. Cal. Jan. 13, 2012) ................................... 6

*Smith v. Marsh,*
    194 F.3d 1045 (9th Cir. 1999) ........................................................................... 7

*U.S. v. Wash.,*
    86 F.3d 1499 (9th Cir. 1996) ............................................................................. 7

*Va. v. Westinghouse Elec. Corp.,*
    542 F.2d 214 (4th Cir. 1976) ........................................................................... 10

*Wright v. Krispy Kreme Doughnuts, Inc.,*
    231 F.R.D. 475 (M.D.N.C. 2005) ............................................................... 9, 10

**Rules and Statutes**

CAL. CORP. CODE § 1601 ............................................................................................ 4

CAL. CORP. CODE § 1603 ............................................................................................ 4

CAL. CORP. CODE § 1604 ............................................................................................ 4

FED. R. CIV. P. 24(a) ........................................................................................ 2, 7, 11

FED. R. CIV. P. 24(b) ............................................................................................. 2, 7

L.R. 7-3 ........................................................................................................................ 6

L.R. 83-7 ...................................................................................................................... 6

iii
Plaintiff Mike Jones's Memorandum of Points and Authorities
in Opposition to Richard Merritts's Motion to Intervene

Plaintiff Mike Jones respectfully submits this memorandum in opposition to the Proposed Plaintiff-Intervenor Richard Merritts's motion to intervene (Dkt. No. 24). The Court should deny the motion because:

- Merritts has failed to comply with Local Rule 7-3's requirement to meet and confer with the parties to this action before making his motion;
- Merritts's motion is untimely;
- Merritts's purported interests in the derivative claims are adequately represented by plaintiff Jones and the other Plaintiffs in the related derivative actions, who are parties to the Settlement;[1] and
- Intervention is not only prejudicial to the parties, but also unnecessary due to the fact that Merritts will have an adequate opportunity to be heard on his objections to the Settlement.

## I. INTRODUCTION

Merritts's motion to intervene is procedurally defective and substantively meritless. In terms of procedure, Merritts's motion should be denied because he completely disregarded Local Rule 7-3 by failing to meet and confer with the parties to this consolidated action.

In terms of substance, Merritts's motion is without merit. By way of background, the Settlement resolves *seven* separate derivative Actions that were filed against Medbox Inc. ("Medbox" or the "Company"). All of the Plaintiffs in the Actions agree that the Settlement confers substantial benefits upon Medbox and its shareholders and is the best resolution for a case that is significantly complex and costly. Prelim. App. Br. at 6-7. The Settlement is the product of extensive, arm's-length negotiations among the Settling Parties with the assistance of a highly experienced mediator, the Honorable

---

[1] Capitalized terms shall have those meanings contained in the Stipulation (Dkt. No. 19-2) and the Notice of Motion and Motion for Preliminary Approval of Derivative Settlement and Memorandum of Points and Authorities in Support Thereof ("Prelim. App. Br.") (Dkt. No. 19-1).

1

Layn R. Phillips (Ret.), at an all-day, highly adversarial mediation. *Id.* at 16. Contrary to Merritts's assertions, his counsel could have attended, ***but chose not to attend***, the mediation.[2] Merritts also chose to file his complaint ***more than eight months*** after the filing of the first-filed complaint in the Actions and not until after the Settlement of the Actions. It is on these facts, among others, that Merritts now seeks to assert his purported right to intervene to ostensibly protect his interests. Merritts's arguments for his belated attempt to intervene in this action lack factual and legal support for three reasons.

First, Merritts's motion is untimely. This is fatal to his motion under both Rule 24(a) and (b). Merritts offers no excuse for failing to intervene earlier to protect his purported interests, even though he knew — at least half a year ago — of the existence of the Actions and of the parties' settlement negotiations. Notwithstanding this knowledge, Merritts sat idly by, chose not to attend the mediation, and deigned to only file his complaint after the Actions were essentially resolved in the Mediation. Such are not the actions of a party truly concerned with protecting the purported interests he claims to have.

Second, intervention at this stage of the litigation will cause substantial prejudice to the existing parties. Merritts did not file his motion until after settlement negotiations were complete, a Stipulation of Settlement had been executed and the Court had already granted preliminary approval. If granted, Merritts's motion threatens to prejudice the Settling Parties by disrupting the Settlement and delaying comprehensive governance reforms and internal control measures that will greatly benefit Medbox, the company whose interests Merritts claims to represent. The disruption and prejudice that would result from any intervention, standing alone, warrants denying Merritts's motion.

---

[2] *See* Declaration of Matthew M. Houston ("Houston Decl.").

2

Third, Merritts has no interest that is not already being adequately represented by Plaintiffs. As a shareholder asserting claims derivatively, Merritts has no personal interest in the outcome of the Actions. As Merritts concedes, the interest he claims is only in obtaining the best recovery for Medbox. Merritts's purported interests are thus identical to the Plaintiffs' interests in the Actions. As a result, Ninth Circuit law presumes that Merritts's interests are adequately represented by Plaintiffs. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) ("When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises."). Merritts cannot overcome this presumption of adequate representation simply by asserting that his last-to-be-filed complaint is superior. In fact, Merritts's complaint is not materially different than the complaints filed by Plaintiffs nearly ten months ago. In any event, even if Merritts has a legitimate interest in the settlement process that is not adequately represented by Plaintiffs, intervention is unnecessary because, by design, the settlement approval process will allow Merritts to protect such an interest by making an objection to the Settlement. All told, Merritts offers no credible basis for his assertion of inadequate representation absent intervention.

In sum, Merritts's motion to intervene is nothing but an attempt to disrupt the approval of the Settlement that is the product of extensive, arm's-length negotiations among the Settling Parties under the auspice of a highly respected mediator. Aside from Merritts's failure to meet Rule 24's requirements, his motion should be denied as redundant and unnecessary because he could simply appear as an objector at the Settlement Hearing on May 16, 2016. Allowing Merritts to intervene will not only waste the resources of the parties and the Court, but will also create a troubling precedent that would frustrate efforts to save costs and streamline litigation in other cases.

## II. FACTS[3]

On May 5, 2015, Merritts sent a demand pursuant to California Corporations Code § 1601 demanding inspection of certain books and records of the Company, for "the purpose of investigating potential wrongdoing by members of the Board or others and to assess the ability of the Board to impartially consider a demand for the Board to take action on behalf of the Company." Merritts did not receive all the documents responsive to his § 1601 request, but in fact only reviewed a "subset" of documents produced by the Company, making it hard to fathom that his complaint, which incorporates these documents, contains any real "smoking gun" as Merritts rhetorically contends.[4] Indeed, if Merritts believed in the value of his books-and-records requests, Merritts should have enforced his right to seek the production of these additional documents under the California Corporations Code (*see* CAL. CORP. CODE §§ 1603–04). Merritts, however, followed his usual course of action — doing nothing.

Instead, on October 27, 2015, Merritts filed his complaint to purportedly protect his interests. Although Merritts now claims that he was "forced" to file a complaint, in reality, he hurriedly filed his complaint because he chose not to participate in the settlement negotiations, which brought about the Settlement. Specifically, Plaintiffs, Medbox, and the Individual Defendants participated in an all-day mediation before Judge Phillips on October 16, 2015. *See* Houston Decl. ¶ 8. Admittedly, even though Merritts's counsel was aware of the mediation, no one from the firm of Merritts's counsel attended the mediation, while counsel for all of the seven Plaintiffs involved in the Actions attended the mediation to ensure that their clients' and the Company's interests were protected.

---

[3] The procedural background of the Actions is detailed in the Preliminary Approval Brief at 8-9.

[4] In fact, there is no way for Plaintiffs or the Court to even gauge the "superiority" of Merritts's complaint as claimed given only a redacted copy of Merritts's complaint was filed with the motion.

4

There is no merit to the self-serving representation of Merritts's counsel that he could not attend the mediation due to "a pre-existing court-hearing and deposition involving out-of-town counsel" (Motion at 4). In fact, such representation directly contradicts statements he made to Plaintiffs' counsel, demonstrating his knowledge of the scheduled mediation and his ability to attend the mediation. *See* Houston Decl. ¶ 6. What Merritts's counsel omitted in the motion to intervene is that he was in Los Angeles for a one-hour hearing starting at 9:30 the day of the mediation, that he was within driving distance of the mediation as it was occurring in Newport Beach, and that he had even offered to attend the mediation in the place of Plaintiffs' counsel. *Id.* Merritts's counsel had ample opportunity to participate in the mediation because, contrary to his assertion, the mediation did in fact go throughout a better part of the night, beginning at 9:00 a.m. and concluding at 11:00 p.m. *Id.* ¶ 8. Consequently, had Merritts's counsel chosen to attend the mediation, Mr. Federman or another lawyer from his firm could have done so. *Id.* ¶ 9.

The reality is that Merritts's counsel made the decision not to attend the mediation. The Settlement, which includes valuable corporate governance reforms, was a product of this lengthy and hotly contested mediation between the Settling Parties. For Merritts to complain about a hard fought Settlement that was achieved at a 14-hour mediation that he chose not to attend even though he was in Los Angeles is ludicrous, and his indolence should not be rewarded.[5]

///

///

///

---

[5] In the motion, Merritts also makes claims regarding defense counsel's potential self-dealing and conflict-of-interest. Plaintiffs understand that defense counsel will respond to these allegations in a separate filing.

### III. ARGUMENT

#### A. Merritts's motion should be denied because he has failed to comply with Local Rule 7-3's meet-and-confer requirement

Prior to filing a motion, a movant must comply with Local Rule 7-3 to "first contact opposing counsel to discuss *thoroughly* . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis added). As this Court emphasized in *Garcia v. Aurora Commercial Corp.*, the meet-and-confer requirement "is not an arbitrary or superfluous rule." No. CV 13-7402 BRO (RZx), 2013 U.S. Dist. LEXIS 159264, at *2 (C.D. Cal. Nov. 6, 2013) (O'Connell, J.). In fact, the Court has consistently enforced this important rule. *See id.* (*sua sponte* ordering parties to show cause why they failed to comply with the meet-and-confer requirement); *see also*, *e.g.*, *Dickens v. Am. Int'l Grp. Inc.*, No. CV 13-2181 BRO (DTBx), 2014 U.S. Dist. LEXIS 22216, at *3 (C.D. Cal. Feb. 20, 2014) (O'Connell, J.) (admonishing counsel for failure to comply with Local Rule 7-3). The failure to comply with Local Rule 7-3 constitutes an independent ground to deny a motion. *See* L.R. 83-7 (allowing sanctions for failure to comply with local rules); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Here, Merritts and his counsel have completely disregarded Local Rule 7-3. Merritts's counsel has not contacted plaintiff Jones's counsel regarding his motion to intervene. *See* Declaration of Francis A. Bottini, Jr. ("Bottini Decl.") ¶ 4. Nor has Merritts's counsel ever indicated that he intended to seek intervention in this action under Rule 24. *See id.* In sum, Merritts has utterly failed to comply with Local Rule 7-3. This failure warrants a denial of Merritts's motion to intervene. *See Singer v. Live Nation Worldwide Inc.*, No. 11-0427, 2012 U.S. Dist. LEXIS 5196, at *4 (C.D. Cal. Jan. 13, 2012) (denying a summary-judgment motion for failure to comply with Local Rule 7-3).

///

///

### B. Merritts's motion should be denied because he fails to meet Rule 24's requirements

Subsections (a) and (b) of Rule 24 provide two alternative bases for intervention. To intervene as of right under Rule 24(a), an applicant must satisfy all four of the following requirements: (1) the application must be timely; (2) the applicant must have an interest in the subject matter sufficient to merit intervention; (3) the denial of intervention must impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must not be adequately represented by the existing parties to the litigation. *See* FED. R. CIV. P. 24(a)(2); *see also Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999) (*citing League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)). To permissively intervene under Rule 24(b), an applicant must timely apply for intervention and have a claim or defense that shares with the main action a common question of law or fact. *See* FED. R. CIV. P. 24(b)(1)(B). Merritts fails to meets the criteria for either due to the untimeliness of his motion.

### (1) Merritts's motion is untimely

The burden is on the proposed intervenor to show that such intervention is timely. *Petrol Stops Nw. v. Cont'l Oil Co.*, 647 F.2d 1005, 1010 n.5 (9th Cir. 1981). "In determining whether a motion for intervention is timely, [the Court] consider[s] three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens*, 131 F.3d at 1302 (quotations and citations omitted). "[A]ny substantial lapse in time weighs heavily against intervention." *Id*. (quoting *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996)).

Merritts asserts, in a conclusory fashion, that his motion is timely. This assertion is factually incorrect because approximately thirteen months have elapsed between the filing of the first derivative case involving these actions and the filing of Merritts's motion to intervene. *See* Houston Decl. ¶ 3.

7

Merritts does not — and cannot — claim that he was unaware of the Actions. The Actions had been on file for months. This *Jones* Action, for example, was filed on June 3, 2015. Similarly, Merritts does not — and cannot — claim that he was unaware that Plaintiffs were engaging in settlement negotiations with Defendants. *See* Houston Decl. ¶ 6. Yet, Merritts only sought intervention after settlement negotiations were complete, after a Stipulation of Settlement had been executed, and after the Court had granted preliminary approval. If Merritts truly wanted to protect his purported interests, he could have promptly sought intervention in one of the Actions when he first made his books-and records-request — in mid-2015. Rather than doing so, Merritts chose to let over ten months lapse.

Merritts provides no legitimate excuse for such a lengthy delay before making his motion to intervene. For this reason alone, the Court should find his motion untimely under *League of United Latin American Citizens*.

Furthermore, the Court should find Merritts's motion untimely based on the prejudice to existing parties. *See League of United Latin Am. Citizens*, 131 F.3d at 1302. Here, the Settling Parties have already executed a Stipulation of Settlement and preliminary approval has already been granted by the Court. Notice of the Settlement has been disseminated. The final approval hearing is barely six weeks away. At this late stage of the proceedings, the prejudice to the Settling Parties is too great to allow intervention. *See Ragsdale v. Turnock,* 941 F.2d 501, 504 (7th Cir. 1991) ("Once parties have invested time and effort into settling a case it would be prejudicial to allow intervention."). Delaying or unraveling the Settlement will prejudice not only the Settling Parties who worked hard to craft the Settlement, but also the Company whose interests Merritts purports to represent.

On this point, *Orange County v. Air California,* 799 F.2d 535 (9th Cir. 1986) — the only case cited by Merritts — is inapposite. In *Orange County*, the Ninth Circuit affirmed a denial of a motion to intervene based on a finding of untimeliness. Just like Merritts

8

here, the proposed intervenor in *Orange County* waited months until after a settlement had been reached before moving to intervene — without submitting any facts to "convincingly explain its delay in filing its motion to intervene." *Id.* at 538. Thus, *Orange County* supports a finding that Merritts's motion is untimely. *See also Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 658 (9th Cir. 1978) (finding that a motion to intervene filed 17 days after a consent decree had become effective was untimely). Accordingly, because the motion is untimely and will prejudice the Settling Parties, Plaintiffs respectfully request that the Court deny the motion.

### (2) Merritts's purported interests are identical to Plaintiffs' interests and thus preclude intervention

Merritts cannot satisfy the standards for intervention of right because he does not have an interest in the subject matter of the action sufficient to merit intervention. Merritts's complaint is filed "derivatively on behalf of Medbox" thus the interest Merritts seeks to assert is Medbox's right to recover, *i.e.*, Merritts has no individual interest to assert. *See In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1087 (6th Cir. 1984) ("Any relief obtained belongs to the corporation only; a shareholder has no individual rights to protect through litigation."); *Martin v. Kalvar Corp.*, 411 F.2d 552, 552 (5th Cir. 1969) (rejecting a shareholder's contention that his interests are adverse to the interests of other shareholders in a derivative action). Because Plaintiffs have already asserted Medbox's rights, Merritts has no separate interest in the action sufficient to merit intervention. *See Gen. Tire*, 726 F.2d at 1087 (affirming denial of intervention in a derivative action because the shareholders' interests were identical to the existing plaintiffs); *see also Wright v. Krispy Kreme Doughnuts, Inc.*, 231 F.R.D. 475, 478 (M.D.N.C. 2005) (shareholders suing derivatively have identical interests).

Because Plaintiffs and Merritts share the same interest in the action — obtaining the best recovery from the Individual Defendants for the benefit of Medbox — Merritts must rebut a presumption of adequate representation by Plaintiffs. *See Arakaki*, 324 F.3d at 1086 ("When an applicant for intervention and an existing party have the same

9

ultimate objective, a presumption of adequacy of representation arises."). To overcome the presumption of adequacy, an intervenor must "demonstrate adversity of interest, collusion, or nonfeasance." *Wright*, 231 F.R.D. at 478 (denying motion to intervene of right) (*citing Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)); *see also In re Am. Int'l Grp., Inc. Derivative Litig.*, No. 07 Civ. 10464, 2009 U.S. Dist. LEXIS 119999, at **8–9 (S.D.N.Y. Dec. 23, 2009) (noting that "[e]vidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy.").

On this point, Merritts's reliance on *In re Novatel Wireless Securities Litigation*, No. 08cv1689, 2014 U.S. Dist. LEXIS 85994 (S.D. Cal. June 23, 2014), is misplaced. In *Novatel*, the district court granted a motion to intervene in a securities-fraud class action, where the proposed intervenor was *not* a putative class member. *See id.* at **6–7. The district court found that intervention was appropriate because the proposed intervenor's interest could not be adequately represented by the existing parties. *See id.* at *14. In contrast, Merritts's interests are aligned with those of Plaintiffs and Medbox. *Novatel* thus provides Merritts no aid.

Although Merritts asserts purported self-dealing and conflict-of-interest on the part of the Company's counsel, Manatt, Phelps & Phillips, LLP, Merritts does not assert collusion on the part of Plaintiffs, adversity of interest between Merritts and Plaintiffs, nonfeasance, or incompetence by Plaintiffs. Moreover, even if Merritts's claim that his complaint is stronger than the *Jones* complaint is correct (which it is not), this is not sufficient to overcome the presumption that Plaintiffs adequately represent any interests Merritts may have. *See Am. Int'l Grp.*, 2009 U.S. Dist. LEXIS 119999, at *9 (where intervenor alleged that its interest was not adequately represented by a derivative plaintiff because of "a disabling conflict in its ability to allege demand excusal," the court held that the intervenor's argument was unavailing). Accordingly, because Plaintiffs adequately represent Merritts's interest, Plaintiffs respectfully request that the

Court deny the motion to intervene. *See In re Ambac Fin. Grp., Inc., Derivative Litig.,* 257 F.R.D. 390, 393-94 (S.D.N.Y. 2009) (Denying intervention where proposed intervenors did not meet the burden of demonstrating that lead plaintiff could not adequately protect interests noting, "[t]he true party in interest in a derivative action such as this one is the corporation; therefore, denying intervention in this action will not impair the protection of that interest if the three plaintiffs who have brought this action derivatively on behalf of Ambac can represent that interest adequately.").

### (3) In any event, a denial of intervention will not impede or impair Merritts's purported interests

The final criteria for intervention of right under Rule 24(a) is whether a denial of the motion to intervene would impair or impede the applicant's ability to protect his interests. Here, any claims asserted in Merritts's complaint belong to the Company and not to Merritts. As such, the only interest Merritts has is to ensure an appropriate resolution of the claims, which is identical to Plaintiffs' interest, and Merritts may protect that interest by objecting to the proposed Settlement. *See* Preliminary Approval Order at 3-4. To that end, Merritts may, like all other Medbox shareholders, follow the procedure for filing objections set forth in the Court's order granting preliminary approval of the Settlement. Accordingly, Merritts will be able to state his position on whether the Settlement is fair, reasonable and adequate, and his interests in ensuring a fair settlement will not be impaired by a denial of his motion to intervene. *See Sec. & Exch. Comm'n v. Charles Plohn & Co.,* 448 F.2d 546, 549 (2d Cir. 1971) (affirming denial of a motion to intervene because intervenors "suffered no prejudice from the denial of their motion" because "they were given a full and complete opportunity to be heard...[t]hey were served with notice of motion, they were permitted to file papers, submit proof, and be heard on oral argument."); *Bloomington v. Westinghouse Elec. Corp.,* 824 F.2d 531, 537 (7th Cir. 1987) (affirming denial of motion to intervene where movant had the opportunity to object to the settlement); *NECA-IBEW Pension Fund v. DHB Indus. (In re DHB Indus.),* Nos. 05-CV-4296, 05-CV-4345, 2007 U.S. Dist. LEXIS

11

73874, at *5 (E.D.N.Y. Sept. 30, 2007) (a class member's ability to protect her interest is not impaired where she can object to the fairness of the settlement).

Put simply, Merritts's alleged risk is, in fact, no risk at all. If Merritts timely objects to the Settlement, he will have the right to appear and show cause as to any reason why the proposed Settlement is not in the best interests of the Company. *See* Preliminary Approval Order at 3-4. The Settlement will only be approved if the Court determines that the terms and conditions of the settlement are fair, reasonable, adequate, and in the best interests of the Company and its shareholders. *Id.* at 2. Thus, Merritts can object to the proposed Settlement, and a denial of intervention will not impede or impair this true interest, which is to ensure a fair settlement for the Company.

## IV. CONCLUSION

For the reasons set forth above, the Court should deny Merritts's motion to intervene.

Dated: April 4, 2016

Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Yury A. Kolesnikov (SBN 271173)

s/ Francis A. Bottini, Jr.
Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:   (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com
ykolesnikov@bottinilaw.com

*Attorneys for Plaintiff Mike Jones*