LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04170-BRO (JEMx)** | Date | April 22, 2016 |
|---|---|---|---|
| Title | **MIKE JONES V. GUY MARSALA, ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS)

## ORDER GRANTING RICHARD MERRITTS' MOTION TO INTERVENE [24]

### I.   INTRODUCTION

Pending before the Court is Richard Merritts' ("Mr. Merritts") Motion to Intervene.  (Dkt. No. 24 (hereinafter, "Mot.").)  Mr. Merritts is a shareholder of Medbox, Inc. ("Medbox"), the nominal defendant in this action.  (Mot. at 1.)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** Mr. Merritts' Motion.

### II.   BACKGROUND

#### A.   Procedural History of This Action

Plaintiff Mike Jones, a shareholder of Medbox, initiated this derivative action on June 3, 2015, alleging in his Complaint that Medbox's directors breached their fiduciary duties and abused their control by filing allegedly false financial reports to the Securities and Exchange Commission.  (*See* Dkt. No. 1 (hereinafter, "Compl.").)  Other Medbox shareholders have filed similar actions, alleging substantially similar claims.[1]  (*See* Pl.'s

---

[1] On April 23, 2015, the Court consolidated the following related cases, which are currently before this Court: *Crystal v. Medbox, Inc.*, No. 15-00426-BRO (JEMx); *Gutierrez v. Medbox, Inc.*, No. 15-00636-BRO (JEMx); *Donnino v. Medbox, Inc.*, No. 15-00683-BRO (JEMx).  (*See Crystal v. Medbox, Inc.*, No. 15-00426-BRO (JEMx) (Dkt. No. 33).)  The Court subsequently ordered the parties to file all future

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04170-BRO (JEMx)** | Date | April 22, 2016 |
|---|---|---|---|
| Title | **MIKE JONES V. GUY MARSALA, ET AL.** | | |

Opp'n to Mot. to Intervene ("Pl.'s Opp'n") (Dkt. No. 25) at 1; *see also* Decl. of Christian E. Baker ("Baker Decl.") (Dkt. No. 26-2) ¶¶ 2–8, 11–12, 15, Exs. A–G, J–K, M.) In total, there are ten pending derivative actions against Medbox and Medbox's directors (collectively, "Defendants").[2] (*See* Baker Decl. ¶¶ 2–8, 11–12, 15, Exs. A–G, J–K, M.)

On October 16, 2015, counsel representing the parties in each of the derivative actions attended a mediation before the Honorable Layn Phillips. (Defs.' Opp'n to Mot. to Intervene ("Defs.' Opp'n") (Dkt. No. 26) at 1–2.) Although Mr. Merritts' counsel was invited to attend the mediation, (*id.*), he did not, (Mot. at 5; Defs.' Opp'n at 2; Pl.'s Opp'n at 2). The full-day mediation resulted in a derivative settlement agreement, (Decl. of Matthew M. Houston (Dkt. No. 25-2) ¶ 8), which requires Medbox to implement corporate reforms that will remain in effect for at least three years, (*see* Dkt. No. 19-2 at 11). The agreement also provides that the derivative plaintiffs' counsel will obtain $300,000 in attorneys' fees paid through Medbox's insurance policy, plus two million shares of Medbox common stock to be relinquished by Vince Mehdizadeh, Medbox's founder, (*see* Compl. ¶ 3), and three hundred thousand shares of Medbox common stock to be relinquished by Bruce Bedrick, a former director and chief executive officer of Medbox, (*see* Compl. ¶ 24). (Dkt. No. 19-2 at 6–7, 12, 15.) The agreement also releases Defendants from "any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, brought or that could be brought derivatively or otherwise by or on behalf of Medbox against any of the Released Persons," defined as "Medbox and any and all of its past, present, and future partners, directors, principals, officers, employees, subsidiaries, affiliates, divisions, predecessors, successors, assigns, attorneys, stockholders, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents." (Dkt. No. 19-2 at 9.)

On December 18, 2015, lead plaintiffs Peter Phan and Paul Poon filed a motion seeking the Court's preliminary approval of the parties' settlement agreement. (Case No.

---

documents under Case No. CV 15-00426-BRO (JEMx). (*See Crystal v. Medbox, Inc.*, No. 15-00426-BRO (JEMx) (Dkt. No. 34).) On July 20, 2015, the Court consolidated the instant action with the three other related matters. (Dkt. No. 13.)

[2] This total does not include Mr. Merritts' pending state court action, which is subsequently discussed in greater detail.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04170-BRO (JEMx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | MIKE JONES V. GUY MARSALA, ET AL. | | |

CV 15-00426-BRO (JEMx), Dkt. No. 88.) The Court granted preliminary approval on February 3, 2016. (Case No. CV 15-00426-BRO (JEMx), Dkt. No. 93.) The lead plaintiffs subsequently filed motions seeking final approval of the settlement agreement and attorneys' fees. (Case No. CV 15-00426-BRO (JEMx), Dkt. Nos. 94–95.) The hearing of the Motion for Final Approval is scheduled for May 16, 2016. (*See* Dkt. No. 23.)

### B. Facts Relating to Mr. Merritts' Intervention

On May 7, 2015, Mr. Merritts' counsel demanded inspection of Medbox's books and records pursuant to California Corporations Code section 1601. (Mot. at 1.) "The purpose of the demand was to investigate potential wrongdoing by members of the [b]oard or others and to assess the ability of the [b]oard to impartially consider a demand for the [b]oard to take action on behalf of [Medbox]." (*Id.*) According to Mr. Merritts, Medbox's counsel, Manatt, Phelps & Phillips, LLP ("Manatt"), responded to Mr. Merritts' demand approximately one month later. (Mot. at 3.) Manatt informed Mr. Merritts' counsel that Mr. Merritts would be permitted to inspect Medbox's accounting books and records, as well as its minutes. (*Id.*; *see also* Decl. of William B. Federman ("Federman Decl.") (Dkt. No. 24-2) ¶ 4, Ex. B.) Mr. Merritts subsequently inspected the documents and tabbed those which were to be copied and delivered to Mr. Merritts. (*See* Mot. at 3.) However, Manatt declined "to provide copies of the designated documents, claiming that the documents that were tabbed for copies . . . supposedly exceeded what is permitted by the statute." (Mot. at 4.)

Mr. Merritts claims that, during the inspection, he discovered information relating to Manatt's potential conflict of interest. (Mot. at 8.) The conflict, according to Mr. Merritts, stems from a December 2014 transaction whereby Manatt was compensated for its services in Medbox stock, valued at approximately $230,000. (Mot. at 9; *see also* Defs.' Opp'n at 6.) Prior to the October 16, 2015 mediation, Mr. Merritts' counsel sent a confidential settlement demand to Manatt in an attempt to resolve any potential litigation deriving from the board's alleged wrongdoing and Manatt's apparent conflict of interest. (Mot. at 4.) Mr. Merritts' counsel also provided a demand letter and proposed Complaint to the mediator, which, among other arguments, raised the issue of Manatt's potential conflict of interest and possible self-dealing relating to Manatt's involvement in the settlement negotiations. (Mot. at 4–5.) The letter to the mediator contended that (1)

Case 2:15-cv-04170-BRO-JEM Document 28 Filed 04/22/16 Page 4 of 12 Page ID #:1382

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04170-BRO (JEMx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | MIKE JONES V. GUY MARSALA, ET AL. | | |

Manatt had "idled on the sidelines" as corporate counsel while the board of directors caused the issues resulting in the derivative litigation, and (2) Manatt had exchanged Medbox's attorneys' fees debt for equity in the company without complying with California Rule of Professional Conduct 3-300. (Mot. at 5.)

Although Mr. Merritts' counsel did not attend the mediation, he "made several attempts to communicate with the mediator telephonically, both before and during the scheduled mediation."[3] (*Id.*) "In . . . verbal communications with the mediator's assistant, Merritts' counsel again made it clear that he believed a conflict of interest existed regarding Manatt's representation and participation in the negotiation process, and expressed concern that the settlement terms being discussed were inadequate." (*Id.*) After the mediation, which, as discussed above, resulted in a settlement agreement, Mr. Merritts' counsel attempted to learn the specific terms of the agreed-upon settlement. (*Id.*) When he was unable to do so, and after submitting another draft of his proposed Complaint to the mediator, Mr. Merritts filed his Complaint in the California Superior Court, County of Los Angeles, on October 27, 2015. (Mot. at 5–6; *see also* Federman Decl. ¶ 8, Ex. F.)

Mr. Merritts' derivative action is based on allegations substantially similar to those in the other derivative actions. (Defs.' Opp'n at 12–13.) However, it differs in three ways. (*See* Mot. at 6–12.) First, Mr. Merritts' Complaint includes one defendant not named in the other derivative suits, Jeff Goh.[4] Second, Mr. Merritts alleges a negligence claim against Q Accountancy, the entity which served as Medbox's auditor while the allegedly false reporting occurred.[5] (*See* Feldman Decl. ¶ 8, Ex. F ¶ 3.) Finally, Mr.

---

[3] Mr. Merritts explains that his counsel was not informed of the mediation until after the mediation date had already been set, and his counsel did not attend because of a preexisting hearing and deposition scheduled for the same day. (Mot. at 4.)

[4] Jeff Goh was a consultant to Medbox during the time of the alleged wrongdoing, and was subsequently elected to the Medbox Board of Directors and named as Medbox's president and chief executive officer. (Reply in Supp. of Mot. to Intervene ("Reply") (Dkt. No. 27) at 12 n.13.)

[5] According to Defendants, Q Accountancy was discussed at length in the other derivative actions; thus, Mr. Merritts' claim against Q Accountancy is not unique. (Defs.' Opp'n at 5.) Defendants also contend that including Mr. Goh in the Complaint is similarly insignificant, as Mr. Goh served as an officer of Medbox only after the alleged wrongdoing occurred. (Defs.' Opp'n at 4–5.)

Case 2:15-cv-04170-BRO-JEM Document 28 Filed 04/22/16 Page 5 of 12 Page ID #:1383

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04170-BRO (JEMx)** | Date | April 22, 2016 |
|---|---|---|---|
| Title | **MIKE JONES V. GUY MARSALA, ET AL.** | | |

Merritts' Complaint[6] includes allegations relating to Manatt's alleged conflict of interest and self-dealing, an issue no other derivative plaintiff has raised. (Mot. at 8–12.)

On February 16, 2016, Mr. Merritts' state court action was stayed pending the Court's decision whether to approve the derivative settlement agreement. (Mot. at 13–14.) After Mr. Merritts unsuccessfully attempted to obtain information relating to his derivative suit, he filed the instant Motion to Intervene on March 25, 2016. (Mot. at 14.) Namely, Mr. Merritts seeks to intervene for the limited purpose of obtaining information relating to "the self-dealing, conflicts and breadth of ethical duties owed, but violated, by Defendants' counsel (Manatt), thereby tainting the proposed [s]ettlement and the negotiation process." (Reply at 1.)

## III. LEGAL STANDARD

### A. Intervention of Right

Federal Rule of Civil Procedure 24(a) governs intervention of right. Under the rule, a district court must permit intervention where either (1) a federal statute grants an unconditional right to intervene, or (2) the moving intervenor claims an interest relating to the action's subject matter and is so situated such that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Where, as here, a party seeks to intervene under Rule 24(a)(2), the party must meet four requirements:

> (1) [T]he applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

---

[6] Pursuant to a confidentiality agreement with Manatt, Mr. Merritts redacted all references to Manatt's alleged conflict of interest and self-dealing in his Complaint. (Mot. at 5–6; *see also* Federman Decl. ¶ 8, Ex. F.) Mr. Merritts did not file an unredacted version of the Complaint under seal.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04170-BRO (JEMx)** | Date | April 22, 2016 |
|---|---|---|---|
| Title | **MIKE JONES V. GUY MARSALA, ET AL.** | | |

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)), as amended (May 13, 2003). These requirements are separate and independent; in other words, each "must be satisfied to support a right to intervene." *Id.* (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)). In determining whether intervention of right is appropriate, district courts should be guided by "practical and equitable considerations" rather than "technical distinctions." *Donnelly*, 159 F.3d at 409; *see also Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). Generally, the rule "is construed broadly in favor of proposed intervenors." *United States ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

### B. Permissive Intervention

Additionally, a court may grant permissive intervention where the party (1) timely moved to intervene and (2) has a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication or the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## IV. DISCUSSION

The Court finds that Mr. Merritts should be permitted to intervene as of right because his intervention is timely, he has a significant protectable interest in the subject of the action, he asserts a claim that no other party will advance on Medbox's behalf, and disposition of the action may impair or impede his ability to protect his, and therefore Medbox's, interests.

### A. Mr. Merritts' Motion is Timely

In determining timeliness under Rule 24, a court should consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 965 (9th Cir. 2007) (quoting *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002)). As to the stage of the proceedings, although Mr. Merritts waited to intervene until after the Court preliminarily approved the parties' derivative settlement agreement,

Case 2:15-cv-04170-BRO-JEM  Document 28  Filed 04/22/16  Page 7 of 12  Page ID #:1385

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04170-BRO (JEMx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | MIKE JONES V. GUY MARSALA, ET AL. | | |

none of the plaintiffs in the related derivative actions have engaged in extensive litigation. The first-filed derivative action commenced on January 21, 2015, little more than one year ago, (s*ee* Baker Decl. ¶ 2, Ex. A), and based upon the information before the Court, the only dispositive motion filed in any of the related actions was a motion to dismiss based on lack of standing in the *Scheffer* case. (*See* Baker Decl. ¶ 25, Ex. T.) As for the consolidated cases before this Court, none of the derivative plaintiffs have filed substantive motions. Thus, each derivative action is in its early stages.

Further, the binding authority upon which Plaintiff Mike Jones and Defendants rely in arguing that Mr. Merritts' intervention was untimely are inapposite, as those actions had been pending for multiple years prior to the attempted intervention. For example, in *Orange County v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986), the court held that filing a motion to intervene only after the parties had reached a settlement following five years of litigation weighed heavily against intervention. In *California Department of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002), the Court found a motion to intervene untimely when it was filed after the parties had engaged in six years of litigation. In *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), the court denied intervention as untimely because the case had been pending for twenty years, and allowing intervention would have dramatically "change[d] the nature of the suit." Conversely, the instant action has been pending for less than a year, (*see* Dkt. No. 1), and the earliest-filed derivative action has been pending for only fifteen months, (s*ee* Baker Decl. ¶ 2, Ex. A).

To be sure, "the length of time that has passed since a suit was filed is not, in and of itself, determinative of timeliness." *Cal. Dep't of Toxic Substances Control*, 309 F.3d at 1120. "A party seeking to intervene must act as soon as he 'knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.'" *Oregon*, 913 F.2d at 589 (quoting *United States v. City of Chicago*, 870 F.2d 1256, 1263 (7th Cir. 1989)). Here, Mr. Merritts first acted on May 7, 2015, when he demanded to inspect corporate documents. (Mot. at 1.) After discovering information relating to Manatt's potential conflict of interest, Mr. Merritts drafted a proposed Complaint, served it on the mediator and Manatt prior to the mediation, and continuously sought to acquire the discovery Manatt has precluded Mr. Merritts from obtaining. (Mot. at 4–5, 8–12.) Although Mr. Merritts' counsel did not attend the mediation, Mr. Merritts soon thereafter commenced his action in the Superior Court on October 27, 2015, and only after again

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04170-BRO (JEMx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | MIKE JONES V. GUY MARSALA, ET AL. | | |

unsuccessfully seeking the discovery he currently requests. (Mot. at 5.) Approximately one month after the Superior Court stayed his case, Mr. Merritts filed the instant Motion to Intervene. (*See* Mot. at 6.) In light of these facts, the Court finds that Mr. Merritts acted to protect Medbox's interests as soon as he became aware that Medbox's interests might have been adversely affected by the outcome of the litigation.

Further, the only case Plaintiff Mike Jones and Defendants cite that was in its "early stages" when the court denied the motion to intervene is also distinguishable, as the parties in that case had already conducted significantly more litigation than the parties in these derivative actions. *See League of United Latin Am. Citizens*, 131 F.3d at 1303 (holding that although the case was in its early stages, "a lot of water had already passed underneath [the] . . . litigation bridge"; namely, the district court had issued a temporary restraining order, and subsequently a preliminary injunction, the defendants had appealed the preliminary injunction, four sets of parties had already successfully intervened, the court had already provisionally certified the class, the defendants had filed a motion to dismiss, the defendants had filed an answer, the plaintiffs had filed a motion for summary judgment, and discovery had proceeded for roughly nine months). By contrast, no substantive motions have been filed in any of the consolidated cases before this Court, and it appears only one motion to dismiss has been filed in the other related derivative actions. Given the dearth of substantive litigation in the related actions, any reliance on *League of United Latin American Citizens* is misplaced.

As to the remaining factors, although the parties to the settlement agreement may suffer some prejudice as a result of Mr. Merritts' intervention—e.g., delay in the final approval and some additional discovery—that prejudice is minimal given that the parties have yet to engage in extensive litigation. Further, with additional information regarding the potential conflict of interest, or lack thereof, the Court will be better informed to determine the fairness of the settlement agreement the parties have reached. Finally, the reason for length of delay favors intervention here. Mr. Merritts only delayed in seeking to intervene because he first attempted to resolve the issues through means other than litigation. When those efforts failed, he filed his own derivative suit on Medbox's behalf. When that case was stayed, he filed the instant Motion.

For the foregoing reasons, the Court concludes that Mr. Merritts' Motion to Intervene was timely filed. This element is therefore satisfied.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04170-BRO (JEMx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | MIKE JONES V. GUY MARSALA, ET AL. | | |

### B. Mr. Merritts Has a Significant Protectable Interest and Disposition of This Action Will Impair That Interest

To permit intervention of right, a party must have an interest that is protectable under the law. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1176 (9th Cir. 2011). Mr. Merritts, a shareholder with a direct ownership interest in Medbox, has a "protectable interest" in preserving Medbox's potential, uncontemplated claims against Manatt, which will be relinquished if the Court approves the settlement agreement. *See In re Novatel Wireless Sec. Litig.*, No. 08cv1689 AJB (RBB), slip op. at 5 (S.D. Cal. June 23, 2014) (holding that a shareholder of the nominal defendant had a significant protectable interest in the matter).

Neither Plaintiff Mike Jones nor Defendants argue that Mr. Merritts possesses no protectable interest. Rather, they argue that Mr. Merritts' interests would not be harmed if the Court denied his Motion, as he would still possess a right to object to the settlement at the final approval hearing. (Defs.' Opp'n at 14; Pl.'s Opp'n at 11.) The Court disagrees. Without sufficient evidence regarding Manatt's potential conflict of interest and/or self-dealing, Mr. Merritts will be unable to meaningfully object at the final approval hearing. In other words, without discovery, Mr. Merritts could offer only a conclusory argument regarding the unfairness of the negotiation proceedings, with little or no facts to support that contention.

Moreover, if the Court does not allow Mr. Merritts' limited intervention, the Court could be without information that is highly relevant to determining the fairness of both the settlement negotiations and the resulting agreement. Given that the settlement agreement broadly releases Manatt of liability, (*see* Dkt. No. 19-2 at 9, 12–13), approving the settlement would impair all Medbox shareholders' interests in either preserving potential claims against Manatt or receiving compensation through the settlement agreement for those potential claims. As such, the Court finds that these two elements are satisfied.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04170-BRO (JEMx)** | Date | April 22, 2016 |
|---|---|---|---|
| Title | **MIKE JONES V. GUY MARSALA, ET AL.** | | |

### C. The Existing Parties Will Not Adequately Represent Mr. Merritts' Interest

A proposed intervenor must show that the existing parties will not adequately represent its interests to intervene of right. *See* Fed. R. Civ. P. 24(a)(2). In determining the adequacy of representation, courts should "consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Oregon*, 839 F.2d at 638 (quoting *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986)). "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki*, 24 F.3d at 1086 (citing *League of United Latin Am. Citizens*, 131 F.3d at 1305). "If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." *Id.* (citing 7C Wright, Miller & Kane § 1909, at 318–19).

Here, Plaintiff Mike Jones and Defendants aptly point out that Mr. Merritts' interests are identical to the interests of the other derivative plaintiffs. (Defs.' Opp'n at 12–13; Pl.'s Opp'n at 10.) Specifically, the shareholders share the same "objective of redressing the alleged past misconduct of previous company executives, improving corporate governance practices and structure, and restoring the company's value and public image." (Defs.' Opp'n at 12–13.) They also share an interest in obtaining the most beneficial settlement for Medbox. Given that Mr. Merritts' and the derivative plaintiffs' interests are aligned, Mr. Merritts must make a compelling showing of inadequate representation. *Arakaki*, 24 F.3d at 1086.

In considering the three factors discussed above, the Court concludes that Mr. Merritts has successfully rebutted the presumption of adequate representation. Although Mr. Merritts' and the derivative plaintiffs' interests are the same, they are not so similar that the derivative plaintiffs would "undoubtedly make all the intervenor's arguments." *Oregon*, 839 F.2d at 638. None of the other derivative actions raised the issue of Manatt's potential conflict of interest, and neither Plaintiff Mike Jones nor Defendants indicate whether that potential conflict was discussed during the settlement negotiations. Given that none of the other derivative plaintiffs have raised this issue, and because

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04170-BRO (JEMx)** | Date | April 22, 2016 |
|---|---|---|---|
| Title | **MIKE JONES V. GUY MARSALA, ET AL.** | | |

Plaintiff Mike Jones opposes Mr. Merritts' Motion to Intervene to explore the potential conflict, the Court cannot conclude that the derivative plaintiffs were "willing to make such arguments" during the settlement negotiations. *Id.* Nor is there any indication they are willing to raise such arguments now. Based on the information before the Court, it appears that Mr. Merritts "would offer . . . necessary elements to the proceedings that other parties would neglect." *Id.* In light of these facts, the Court concludes that Plaintiff Mike Jones and the other derivative plaintiffs will not adequately represent Mr. Merritts' interest in protecting Medbox from Manatt's potential conflict of interest and/or self-dealing. This element is therefore satisfied.

Given that each intervention-of-right element is met, the Court **GRANTS** Mr. Merritts' Motion to Intervene. The Court finds that the information relating to Manatt's potential conflict of interest and/or self-dealing is probative of the fairness of the settlement agreement. Such information will better inform the Court as to the existence of any collusion that may or may not have occurred during the settlement negotiations.

However, the Court is not persuaded that Mr. Merritts should obtain discovery regarding Q Accountancy and Jeff Goh. Q Accountancy's involvement in the alleged wrongdoing was raised in each settled derivative action, (Defs.' Opp'n at 14), and the parties discussed potential claims against Q Accountancy during the negotiations, (Defs.' Opp'n at 5; Baker Decl. ¶ 24). Further, Jeff Goh was neither a director nor an officer of Medbox at the time of the alleged wrongdoing, (*see* Mot. at 12 n.13), and Mr. Merritts fails to identify any wrongful act he allegedly committed. Accordingly, Mr. Merritts' Motion is granted for the limited purpose of discovering additional information regarding Manatt's alleged conflict of interest and self-dealing.[7]

---

[7] Because the Court concludes that Mr. Merritts may intervene as of right, it need not address permissive intervention. However, the Court notes that Mr. Merritts would also satisfy the more broad permissive intervention test under Federal Rule of Civil Procedure 24(b)(1)(B), as his Motion was timely filed, *see* discussion *supra* Section IV.A, and his claim "shares a common question of law or fact with the main action." *See* Fed. R. Civ. P. 24(b)(1)(B).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04170-BRO (JEMx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | MIKE JONES V. GUY MARSALA, ET AL. | | |

Given that Mr. Merritts has failed to comply with Federal Rule of Civil Procedure 24(c)'s pleading requirement,[8] the Court **ORDERS** him to file the pleading no later than April 29, 2016, at 4:00 p.m. Further, the Court hereby **CONTINUES** the final fairness hearing to August 15, 2016, at 1:30 p.m., to permit Mr. Merritts to conduct additional discovery. The Court **ORDERS** the parties to provide notice to potential objectors of the amendment to the hearing date.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mr. Merritts' Motion to Intervene. The hearing of this Motion scheduled for April 25, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.**                                                                    :

Initials of Preparer            rf

---

[8] Federal Rule of Civil Procedure 24(c) requires a Motion to Intervene to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).