MANATT, PHELPS & PHILLIPS, LLP
PHILLIP R. KAPLAN (Bar No. CA 76949)
E-mail: PKaplan@manatt.com
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
(714) 371-2500 Telephone
(714) 371-2550 Facsimile

CHRISTIAN E. BAKER (Bar No. CA 247006)
E-mail: CBaker@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Defendant
MEDBOX, INC.

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 2 2016
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES COUNTY - SPRING STREET DIVISION

| | |
|---|---|
| MIKE JONES, derivatively on behalf of MEDBOX, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GUY MARSALA, J. MITCHELL LOWE, NED SIEGEL, JENNIFER S. LOVE, C. DOUGLAS MITCHELL, PEJMAN VINCENT MEHDIZADEH, MATTHEW FEINSTEIN, BRUCE BEDRICK, and THOMAS IWANSKI,<br><br>Defendants,<br><br>- and -<br><br>MEDBOX, INC., a Nevada corporation,<br><br>Nominal Defendant. | No. 2:15-CV-04170-BRO-JEM<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**<br><br>**DISCOVERY MATTER**<br><br>Date of Filing: June 3, 2015 |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

283952.1 C.D. Cal. Case No. 2:15-CV-04170-BRO-JEM

STIPULATED PROTECTIVE ORDER

# STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order Regarding Confidentiality ("Protective Order") is entered into by and between Intervenor-Plaintiff Richard Merritts and Defendant Medbox, Inc. ("Medbox") (collectively, the "Parties").

## I. INTRODUCTION

### A. PURPOSES AND LIMITATIONS

Medbox contends that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XI.C below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. The Parties further acknowledge that Medbox may produce, in its sole discretion, documents that it may assert are privileged and counsel for Plaintiff may or may not agree with such characterization, but the production of such documents and any subsequent disclosure to a Receiving Party will not waive any privilege. The parties submitting this Stipulated Protective Order and any Receiving Party may not argue that the production or disclosure of such documents waives any privilege. The Parties further acknowledge that to the extent confidential documents are produced pursuant to this Protective Order prior to the Court's entry of such Protective Order, the Parties will comply with the terms of this Protective Order as if it had been

entered, and if the Court does not ultimately enter this Protective Order in the form presented to it, the Parties agree to immediately return the documents that have been produced. The Parties also acknowledge that by entering into this stipulation Plaintiff Merritts is not waiving his right to seek additional discovery, including additional documents, to enforce any rights he has under the federal rules of evidence or civil procedure, or to challenge Defendants designation of documents as confidential.

### B. GOOD CAUSE

Medbox contends that this action is likely to involve valuable commercial, financial, and/or proprietary information for which defendants believe special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that no documents be so designated without a good faith belief that the information sought to be protected contains proprietary, private or confidential information, that it has been maintained in a confidential,

non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. DEFINITIONS

1. Action: this pending lawsuit in the above-captioned court.

2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

3. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

4. Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

5. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

6. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

8. House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

9. Inadvertent Production Material: material subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege which is inadvertently produced or disclosed.

10. <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

11. <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

12. <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

13. <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

14. <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15. <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

16. <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

## II. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at trial.

## III. DURATION

The Parties agree to be bound by the terms of this Protective Order upon their execution of same, regardless of when and/or whether this Court executes this Protective Order. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## IV. DESIGNATING PROTECTED MATERIAL

### A. EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing

the inapplicable designation.

## B. MANNER AND TIMING OF DESIGNATIONS

Except as otherwise provided in this Protective Order (see, e.g., second paragraph of Section IV.B.1 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

<u>Designation in conformity with this Protective Order requires</u>:

1. for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2. for testimony given in deposition, that the Designating Party identify on the record, before the close of the deposition, all protected testimony.

3. for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

### C. INADVERTENT FAILURES TO DESIGNATE

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation after the incorrect designation is actually discovered by the producing party, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. If the receiving party disclosed any document, deposition transcript, or other information, or portion thereof, prior to its designation as "CONFIDENTIAL," in a manner that is inconsistent with the handling of "CONFIDENTIAL" designated materials, such party shall in good faith assist the producing party in its efforts to ensure that all designated material is retrieved from all recipients not entitled to receive it under the Protective Order.

## V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A. TIMING OF CHALLENGES

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### B. DUTY TO MEET AND CONFER

The Challenging Party shall initiate the dispute resolution process in accord with Local Rule 37-1 by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order. The parties shall attempt to resolve each challenge in good faith and must confer directly (in voice to voice dialogue) within 10 days of the date of receipt of the notice . In conferring after receipt of the above notice, the Designating Party must explain the basis for its belief that the confidentiality designation was proper, and the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper. A Challenging Party may proceed to the preparation of the Joint Stipulation and notice of motion in accord with Local Rule 37-2 only if it is not satisfied with the Designating Party's explanation or, following the above conference, there is more than a three (3) calendar delay by the Designating Party in explaining the basis for the designation.

### C. BURDEN OF PERSUASION

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

### A. BASIC PRINCIPLES

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for

prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XII below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

## B.   DISCLOSURE OF "CONFIDENTIAL" MATERIAL

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3. Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4. the court and its personnel;

5. court reporters and their staff;

6. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action

1  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
2  A);

3      7.    the author or recipient of a document containing the
4  information;

5      8.    during their depositions, witnesses in the action to whom
6  disclosure is reasonably necessary and who have signed the "Acknowledgment and
7  Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating
8  Party or ordered by the court. Pages of transcribed deposition testimony or exhibits
9  to depositions that reveal Protected Material must be separately bound by the court
10  reporter and may not be disclosed to anyone except as permitted under this
11  Stipulated Protective Order;

12      9.    any mediator or settlement officer, and their supporting
13  personnel, mutually agreed upon by any of the Parties engaged in settlement
14  discussions; and

15      10.    parties to this action who have signed this Protective Order or
16  the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

17  **VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED**
18        **PRODUCED IN OTHER LITIGATION**

19  If a Party is served with a subpoena or a court order issued in other litigation
20  that compels disclosure of any information or items designated in this Action as
21  "CONFIDENTIAL," that Party must:

22      A.    promptly notify in writing the Designating Party. Such notification
23  shall include a copy of the subpoena or court order;

24      B.    promptly notify in writing the party who caused the subpoena or order
25  to issue in the other litigation that some or all of the material covered by the
26  subpoena or order is subject to this Protective Order. Such notification shall
27  include a copy of this Protective Order; and

28      C.    cooperate with respect to all reasonable procedures sought to be

pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## VIII. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;
2. promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and
3. make the information requested available for inspection by the

Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If material subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege is inadvertently produced or disclosed, such inadvertent production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other applicable privilege.

### A. CLAIM OF INADVERTENT PRODUCTION

If a claim of inadvertent production is made, pursuant to this Protective Order, with respect to material then in the custody of another party, that other party

shall: (1) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (2) not use the Inadvertent Production Material for any purpose until further order of the Court expressly authorizing such use; and (3) inform the party claiming inadvertent production in writing that the other party is complying with (1) and (2) above.

### B. MOTIONS TO COMPEL

A party may move for an order determining whether the claimed Inadvertent Production Material was inadvertently produced in accord with Local Rule 37. While such a motion is pending, the Discovery Material in question shall be treated as privileged and confidential and shall be not be used as an exhibit to any pleading or discovery.

If a Party, in reviewing any materials produced or disclosed in discovery, has received from the other Party finds anything the reviewing Party believes in good faith may be Inadvertent Production Material, that Party shall: (i) refrain from any further examination or disclosure of the potentially Inadvertent Production Material; (ii) promptly identify the material in question to the producing Party (by document number or other equally precise description); and (iii) give the producing party five (5) business days to respond as to whether the material was, in fact, inadvertently produced. If the producing party makes a claim of inadvertent production, the provisions of Section X.A shall apply.

### XI. MISCELLANEOUS

#### A. RIGHT TO FURTHER RELIEF

Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

#### B. RIGHT TO ASSERT OTHER OBJECTIONS

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party

waives any right to object on any ground to use any of the material covered by this Protective Order.

### C. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79.5 and shall give the Producing Party three court days advance notice of intent to do so. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's or Producing Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5is denied by the court, then after three court days' notice to the Producing Party, the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

### XII. FINAL DISPOSITION

After the final disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section III (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 8, 2016

GREEN & NOBLIN, P.C.

By: /s/ James Robert Noblin
James Robert Noblin
Attorneys for Intervenor-Plaintiff
RICHARD MERRITTS

Dated: July 8, 2016

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Christian E. Baker
Christian E. Baker
Attorneys for Nominal Defendant
MEDBOX, INC.

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i), regarding signatures, Christian E. Baker hereby attests that concurrence in the filing of this document has been obtained*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: July 12, 2016

Hon. John E. McDermott

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Mike Jones v. Guy Marsala, et al.*, Case No. 2:15-cv-04170-BRO-JEM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree that Medbox, Inc. may produce, in its sole discretion, documents that it may assert are privileged, and counsel for Plaintiff may or may not agree with such characterization, but I agree that the production of such documents will not waive any privilege and I agree not to argue that the production of such documents waives any privilege.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

DATED: _____

_____
City and State where sworn and signed

_____
Signature

_____
Print Name

317250234.1