UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE JONES, derivatively on behalf of MEDBOX, INC., <br>       Plaintiff, <br> vs. <br> GUY MARSALA, J. MITCHELL LOWE, NED SIEGEL, JENNIFER S. LOVE, C. DOUGLAS MITCHELL, PEJMAN VINCENT MEHDIZADEH, MATTHEW FEINSTEIN, BRUCE BEDRICK, and THOMAS IWANSKI, <br>       Defendants, <br> - and - <br> MEDBOX, INC., a Nevada corporation, <br>       Nominal Defendant. | Case No. 15-cv-4170 BRO (JEMx) <br> (Consolidated for pretrial purposes with Case No. 15-cv-0426 BRO (JEMx)) <br><br> **ORDER AND FINAL JUDGMENT** |

This matter came before the Court for hearing on November 14, 2016, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated December 17, 2015, and the exhibits thereto (the "Stipulation").  The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement.  Good cause appearing therefore, the Court enters this Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

This Judgment incorporates by reference the following Orders issued by the Court on November 14, 2016: (i) granting Plaintiffs' Motion for Final Approval of Derivative Settlement; (ii) granting in part, without prejudice, Plaintiffs' Motion for an Award of Attorneys' Fees [and] Reimbursement of Litigation Expenses; and, (iii) granting Plaintiffs' request for service awards.  This Judgment also incorporates by reference the Order Re: Supplemental Declarations in Further Support of Derivative Plaintiff's Motion issued by the Court on December 15, 2016, granting an additional award for reimbursement of fees and expenses.

Unless otherwise stated herein, all capitalized terms contained in this Judgment shall have the same meaning and effect as stated in the Stipulation.

This Court has jurisdiction over the subject matter of the Action and over the Settling Parties to the Action.

This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, Medbox Inc. ("Medbox"), and Medbox shareholders, and hereby directs the Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

This Court hereby dismisses the Action with prejudice and without costs to any of the Settling Parties, except as otherwise provided below.

Upon the Effective Date, the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims

(including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Actions against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

Upon the Effective Date hereof, the Releasing Parties are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons as set forth in and in accordance with the terms of the Stipulation. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

The Notice of Pendency and Settlement of Shareholder Derivative Action ("Notice") has been given to shareholders of the Company pursuant to and in the manner directed by the Order dated February 3, 2016, proof of Notice was filed with the Court, and full opportunity to be heard has been offered to all Settling Parties and Medbox shareholders.

The Court hereby approves the Fee and Expense Amount consisting of $297,241.41 in cash and the transfer of 2,000,000 shares of Medbox common stock from defendant Mehdizadeh to Plaintiffs' counsel and 300,000 shares of common stock from defendant Bedrick to Plaintiffs' Counsel and directs payment of the Fee and Expense Amount in accordance with the terms of the Stipulation.

The Court hereby approves the Service Award of $1,500 for each of the Plaintiffs, to be paid from Plaintiffs' Counsels' Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Actions.

During the course of the litigation of the Actions, all Settling Parties and their counsel acted in good faith and complied with F.R.C.P. 11 and any similar rule or statute.

Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the

Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Released Persons for purpose of the Released Claims or for any other purpose; (b) an admission or concession by Plaintiffs or any Medbox shareholder of any infirmity in the claims asserted in the Complaint; or (c) an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Settling Parties and the Settling Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the Stipulation and this Order.

There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

IT IS SO ORDERED.

DATED: March 3, 2017

By: _____
Honorable Beverly R. O'Connell
United States District Court Judge